Edward S. Conway, J.
This is a motion by the defendants for an order dismissing the notice of claim filed on behalf of Hector Locke, Sr., and Hector Locke, Jr., on the ground that the claimants have not complied with the provisions of section 12 of the Health and Mental Hygiene Facilities Improvement Act (L. 1968, ch. 359, as amd.) in that said claim is not timely filed.
On May 3, 1973, Hector Locke, Jr., an infant under 14 years of age, was injured when he fell on a staircase at Mount Morris Park, New York, and sustained injuries as a result of alleged negligence on the part of ‘the defendants-. A notice of claim against defendants was not filed until August 30, 1974 and no action was ever commenced against the said defendants.
Subdivision 3 of section 12 of the act provides a,s follows : “ 3. An action against the corporation for .damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries or death, alleged to have been sustained, shall not be commenced more than -one year and ninety days after the cause of action therefor shall have accrued, nor unless a notice of intention to commence such action and of the time when and place where the damages or personal injuries or death" were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed and ¡the value thereof, or the personal injuries or death, alleged to have been sustained, and by whom, shall have been filed with a member or officer of the corporation in the principal office of the corporation within ninety days after such cause of action shall have accrued.” (Emphasis added.)
The notice of claim under this section is required to be filed within 90 days, and .there is no discretionary provision such as is set forth in .section :50-e of the General Municipal Law which would allow a late filing in the case of an infancy disability. Even if there were such ¡a provision under the applicable statute herein (L. 1968, .ch. 359, § 1), .the notice of claim herein would still be considered a nullity (see Matter of Martin v. School Board of Union Free Dist. No. 28, 301 N. Y. 233; Schiermeyer v. Averill Park Cent. School Dist. No. 1, 42 A D 2d 654).
The motion of the defendants to dismiss the notice of claim as untimely filed is therefore granted.