*905 OPINION OF THE COURT
Kenneth H. Lange, J.
The claimant has applied for leave to file a late notice of claim against the respondent pursuant to General Municipal Law § 50-e. The application presents three issues: (1) do the provisions of that section apply to claims against the Facilities Development Corporation; (2) can the claimant’s application be entertained in this county; and (3) should the court, in the exercise of its discretion, grant the request.
The claimant was injured on March 13, 1984 in the course of her employment as a correction officer at the Downstate Correctional Facility in Fishkill. While escorting prisoners through a tunnel, the claimant slipped and fell due to a puddle of water on the floor which had, it is alleged, leaked through the roof of the tunnel. The accident occurred in the presence of another officer and the claimant immediately informed a superior officer of the accident. As a result of the accident, the claimant alleges that she has suffered injury to her left ankle and foot and acute pain in her back, left leg and foot.
By letter dated August 6,1984, claimant’s counsel communicated with the administration of the Downstate Correctional Facility and requested the names of all contractors involved in the construction of the tunnel in question. An action was subsequently instituted in this county against E. W. Howell Co., Inc. and Turner Construction Company. By letter dated October 25, 1984, in the course of the discovery proceedings in that action, the claimant was informed by counsel for Turner that Turner had been involved in that project pursuant to a contract with the respondent Facilities Development Corporation. The claimant thereupon made the instant application.
The Facilities Development Corporation was created by act of the Legislature in 1968 (see, McKinney’s Uncons Laws of NY § 4401 et seq. [Facilities Development Corporation Act; L 1968, ch 359, § 1]). Originally known as the Health and Mental Hygiene Facilities Improvement Corporation, its name was changed and purpose broadened by the 1973 amendment of the act (L1973, ch 658). The Corporation is designated by statute as a “corporate governmental agency constituting a public benefit corporation” (McKinney’s Uncons Laws of NY § 4404 [1]).
Actions against the Corporation are governed by a section of the incorporating act (McKinney’s Uncons Laws of NY § 4412), which provides, in relevant part, as follows: “3. An action against the corporation for damages for injuries to real or personal property, or for the destruction thereof, or for personal *906 injuries or death, alleged to have been sustained, shall not be commenced more than one year and ninety days after the cause of action therefor shall have accrued, nor unless a notice of intention to commence such action and of the time when * * * incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed and the value thereof, or the personal injuries or death, alleged to have been sustained, and by whom, shall have been filed with a member or officer of the corporation in the principal office of the corporation within ninety days after such cause of action shall have accrued.” No provision is made for the late filing of a notice of claim and this section makes no reference to General Municipal Law § 50-e.
Nevertheless, the claimant has applied for leave to file a late notice of claim pursuant to subdivision (5) of section 50-e. Under that subdivision the court may, in its discretion, and after consideration of a number of factors prescribed in the statute, grant an extension of the time within which a notice of claim must be filed. The first question, therefore, is whether the provisions of section 50-e apply to an action against the Facilities Development Corporation. In the only reported case on the subject, Matter of Locke v State of New York Health & Mental Hygiene Facilities Improvement Corp. (80 Misc 2d 17), the. court held that the absence of a late filing provision in the incorporating act precludes the late filing of a notice of claim against the Corporation.
By its very terms, however, section 50-e (1) (a) specifies that “[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law * * * the notice of claim shall comply with and be served in accordance with the provisions of this section”. Since under the definition contained in the General Construction Law the term “public corporation” includes a public benefit corporation (General Construction Law § 66 [1]), actions against the Facilities Development Corporation are governed by section 50-e. The late filing provisions are an integral part of that section, and therefore also apply to actions against the Corporation, despite the absence of a complementary provision in the incorporating act.
The fact that there is no such complementary provision in the incorporating act does not, by itself, indicate a legislative intent to preclude late filing with respect to the Corporation. The Corporation was created after section 50-e was enacted, and its *907 notice of claim provisions are entirely consistent with the provisions of section 50-e. Had the Legislature intended to exclude the Corporation from its late filing provisions, it could have done so explicitly. Subdivision (8) of section 50-e, in fact, contains various types of actions to which its requirements do not apply. Although this subdivision has been amended several times (see, e.g., L 1976, ch 745, § 2), it has never been amended to render the section inapplicable to actions against the Corporation.
Moreover, this court is unable to discern any legislative purpose which would be served by insulating this particular public benefit corporation, and no other, from the late filing of notices of claim. The Corporation is not particularly susceptible to personal injury actions and would not be particularly prejudiced by receiving late notice of a claim. Its purpose is merely “[to] receive and administer monies for the construction and improvement” of certain State facilities (McKinney’s Uncons Laws of NY § 4402). Because it is not involved in the operation of these facilities, the Corporation would be a proper party to a lawsuit only where the claim is one of negligent construction. Since the Corporation does not actually engage in the design or construction of the projects it finances, and the court must assume that its contractors have agreed to indemnify the Corporation for any damages resulting from their negligence, its potential for liability in these circumstances would be minimal.
At bottom, the court is convinced that there is no reason to treat the Corporation differently from any other public corporation and that the Legislature did not intend to do so. Accordingly, the late filing provisions of General Municipal Law § 50-e apply to actions against the Corporation generally and to this action in particular. The question, therefore, is whether, in the exercise of its discretion, the court should extend the claimant’s time to file her notice of claim.
Before reaching that issue, however, the court must determine whether it can properly entertain this application at all. Subdivision (7) of section 50-e provides that applications under the section shall be made in either (a) a county where the action may be tried; (b) a county where an action to enforce the claim is already pending; or (c) an adjoining county where no Motion Term is available in either of the above. Pursuant to the provisions of the incorporating act, venue in any action against the Corporation must be laid in Albany County (McKinney’s Uncons Laws of NY § 4412 [1]). Since no action has been commenced to enforce this claim and there is a Motion Term available in Albany County, the application may only be made in *908 that county. However, the Corporation does not object to the application on this ground. Since the requirement is specifically stated to be one of venue, and failure to fulfill it does not impair the jurisdiction of the court, the objection is waived and the court will consider the application.
Whether to extend the time to serve the notice of claim is a matter within the discretion of the court. The court is required to consider, in making its determination, certain factors, including when the public corporation or its agents received notice of the claim, the reason for the delay in service and whether the delay caused substantial prejudice to the Corporation.
The case at bar presents a rather unique situation. Due to the limited purposes of the Corporation, and the fact that it plays no role whatsoever in the management of the facilities it develops, there was no way claimant could have known of its involvement in the project. In fact, there was no indication that any public entity, other than claimant’s employer, was involved in the construction of this project. There is no doubt, therefore, that claimant’s failure to identify the Corporation as a possibly liable party was not unreasonable. Moreover, the circumstances of the accident were known to claimant’s superiors in the Department of Correctional Services, and as soon as the claimant learned of the Corporation’s involvement in the instant case, she made the present application.
Claimant did proceed expeditiously in asserting her claim against the contractors. In fact, had she not done so, the Statute of Limitations for actions against the Corporation (see, McKinney’s Uncons Laws of NY § 4412 [3]) would have expired before she learned of its involvement and any action would have been completely barred. The contractors, who will be the prime defenders of this action, were given notice of the accident within a reasonable time thereafter. Since the Corporation’s defense will, in all probability, be based upon the terms of its contract with the contractors, it is not substantially prejudiced by the inability to conduct an investigation of the scene at a time shortly after the accident. Furthermore, the scene of the accident, a tunnel beneath a correctional facility, is not subject to such rapid change that an immediate examination is necessary to the preparation of an adequate defense.
In these circumstances, the claimant’s time to file her notice of claim against the Corporation should be extended. The claimant’s application is therefore granted. The notice of claim will be timely filed if served upon the respondent Corporation within 30 days of the entry of this order.